IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION


FILED
JUN 0 3 2014
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HOWARD ORAN EMBRY,<br><br>Defendant. | CR 14-21-BLG-SPW<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

This matter comes before the Court on the Findings and Recommendations of United States Magistrate Judge Carolyn Ostby. (Doc. 31). Defendant Howard Embry ("Embry") filed a Motion to Suppress on April 3, 2014. (Doc. 9). The motion challenges the existence of probable cause to support the issuance of the warrant that authorized a search of his residence. This Court referred the motion to Judge Ostby. (Doc. 21). Judge Ostby held a hearing and entered her Findings and Recommendations on May 7.

In the Findings and Recommendations, Judge Ostby recommends that this Court grant Embry's Motion to Supress. (Doc. 31 at 32). Judge Ostby found that the officers did not have sufficient evidence to support a finding of probable cause to search Embry's residence. (*Id.* at 26). Also, Judge Ostby determined that the good faith exception did not apply, as the warrant application was "so lacking in

1

indicia of probable cause as to render official belief in its existence entirely unreasonable." (*Id.* at 30). Finally, Judge Ostby concluded that the exclusionary rule applies as suppression is warranted to deter future unlawful police conduct. (*Id.* at 32).

The U.S.A. timely objected. The U.S.A. agrees with Judge Ostby's factual findings, but objects to Judge Ostby's determinations regarding probable cause and the applicability of the good faith exception. (Doc. 32 at 1-2). Accordingly, this Court conducted a *de novo* review of the Findings and Recommendations. 28 U.S.C. § 636(b)(1); *U.S. v. Thoms*, 684 F.3d 893, 899 (9th Cir. 2012). As explained below, this Court fully adopts Judge Ostby's Findings and Recommendations.

First, the U.S.A. argues that the warrant application was sufficiently supported by probable cause. The U.S.A. concedes that an anonymous tip, by itself, is insufficient to establish probable cause. *U.S. v. Clark*, 31 F.3d 831, 834 (9th Cir. 1994). However, the U.S.A. contends that considering the anonymous tip together with the totality of the circumstances supports a finding of probable cause. The U.S.A. points to the fact that Embry possessed marijuana and the odor of marijuana "permeated" the residence. In addition, the U.S.A. argues that although Embry possessed a valid medical marijuana card, he admitted to obtaining his marijuana from a provider, not as a self-provider as indicated on his card. Also,

2

Embry failed to update the address on his medical marijuana card within 10 days, as required by Mont. Code Ann. § 50-46-303(7) (2013), making the card invalid. The U.S.A. concludes that all that evidence taken together sufficiently corroborates the anonymous tip that Embry was trafficking a large quantity of marijuana.

This Court agrees with Judge Ostby's conclusion that the above evidence is clearly insufficient to establish probable cause to believe that Embry possessed a larger amount of marijuana. While Embry admittedly violated state law by not updating his marijuana card and purchasing his marijuana from a provider, those violations did not give law enforcement probable cause to search his residence for further evidence. (Doc. 31 at 25-26). There simply was not enough evidence to corroborate the anonymous tip that Embry was involved in drug trafficking.

Second, the U.S.A. objects to Judge Ostby's finding that the good faith exception provided in *U.S. v. Leon*, 468 U.S. 897 (1984) did not apply. The U.S.A. contends that law enforcement acted properly and in good faith by reciting the facts that gave the officers probable cause to search Embry's residence. This Court concurs with Judge Ostby that law enforcement had no reasonable grounds to believe that the warrant was properly issued. The search warrant application failed "to provide a colorable argument for probable cause." *U.S. v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013). Because it was a "bare bones affidavit," the good faith exception is not met.

3

This Court also agrees with Judge Ostby's conclusion that suppression of the evidence is warranted to deter future illegal searches. Any evidence obtained as a result of the search of Embry's evidence is excluded from trial.

Accordingly, IT IS ORDERED:

1. Magistrate Judge Ostby's Findings and Recommendations (Doc. 31) are ADOPTED IN FULL.

2. Embry's Motion to Suppress (Doc. 9) is GRANTED.

DATED this 3rd day of June, 2014.

SUSAN P. WATTERS
United States District Judge